**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANNY ATTERBURY,

        Plaintiff - Appellant,

  v.

KATIE COOPER; GWEN LAST NAME UNKNOWN; MIKE STOLP; ED FOULK,

        Defendants - Appellees.

No. 10-15578

D.C. No. 3:07-cv-06256-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted November 14, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Danny Atterbury was involuntarily committed at Napa State Hospital

("NSH") after pleading not guilty by reason of insanity to attempted murder.

Atterbury filed a complaint against Appellees, staff of NSH, alleging that they did

not protect him from being physically attacked and that they incited and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

encouraged other patients to develop animosity towards him, violating his Fourteenth Amendment due process rights. The district court granted Appellees' motion for summary judgment. Atterbury appeals, and we affirm.

On review of a motion for summary judgment, we review the evidence in the light most favorable to the nonmoving party. *Waggy v. Spokane Cnty.*, 594 F.3d 707, 710 (9th Cir. 2010). But even viewing the evidence in this light, Atterbury has not put any evidence on the record that presents a genuine dispute as to any material fact showing that the staff at NSH failed to use their professional judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321–23 (1982).

Atterbury's claims are based on (1) his transfer from Ward T-4 to Ward T-7, (2) an incident when he was punched in the face by another patient, and (3) an incident where he asserts that an NSH staff member announced over the loudspeaker that patients could not take their smoke break until Atterbury took his medicine. As to the transfer, Atterbury submitted no evidence showing that Ward T-7 is more violent than Ward T-4. Mere allegations cannot survive summary judgment; an appellant must set forth specific facts. Fed. R. Civ. P. 56(e); *Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir. 2002) (noting that "appellants must not merely have alleged sufficient violations, they must also have included 'some facts' in support of their allegations"). As to the punch from the other patient,

nothing in the record suggests it was other than an unanticipated attack; there is no evidence the NSH staff failed to use their professional judgment in a way that led to the attack.

Finally, we also affirm the district court's rejection of Atterbury's claim that the NSH staff encouraged other patients to develop animosity towards him by calling out his name over the loudspeaker and saying that privileges of others would be delayed until he took his medicine. The law did not clearly establish that making such an alleged statement would violate the mentioned patient's constitutional rights, and there was no evidence that the announcement in fact endangered the safety of Atterbury, who does not claim he was physically harmed by others because of that statement. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (*modified, Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

**AFFIRMED.**

3